1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CHARLES J. MARTINEZ, JR.,

      Plaintiff,

    v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 10-0366 GW (JCG)

**ORDER ADOPTING FINDINGS,
CONCLUSIONS AND
RECOMMENDATIONS OF UNITED
STATES MAGISTRATE JUDGE**

## I.

## INTRODUCTION

On January 26, 2010, plaintiff Charles J. Martinez, Jr. ("Plaintiff") filed a complaint against defendant Michael J. Astrue ("Defendant"), the Commissioner of the Social Security Administration, seeking review of a denial of supplemental security income benefits ("SSI") and disability insurance benefits ("DIB"). On September 9, 2010, the parties filed a Joint Stipulation.

On June 20, 2011, the Magistrate Judge issued his Report and Recommendation ("R&R"), recommending that the Commissioner's decision denying benefits be affirmed. (R&R at 1, 12.) On July 7, 2011, Plaintiff filed objections to the R&R ("Objections").

## II.

## DISCUSSION

In sum, Plaintiff's Objections restate the arguments made in the Joint Stipulation and urge the Court to "reconsider" its reasons.  (*See, e.g.,* Objs. at 3.)  None of the grounds, however, raised by Plaintiff have caused the Court to alter the Magistrate Judge's recommendation to affirm the Commissioner's denial of benefits.  That said, the Court believes that two issues merit brief amplification.

First, Plaintiff contends that the R&R erroneously "finds that there is, *in essence*, the absence of *objective* findings corroborating a depressive or other mental disorder." (Objs. at 4 (emphasis added).)  This argument ignores the many *other* reasons provided by the ALJ, and cited by the R&R, in declining to find Plaintiff's mental impairment to be severe.  (*See* R&R at 5-6.)  For instance, the ALJ properly rejected the opinions of Dr. LeMaile-Williams and Dr. Duran because, among other things:  (1) their opinions were conclusory; (2) their opinions merely echoed Plaintiff's own complaints, which may be disregarded if Plaintiff's complaints have been properly discounted; and (3) any alleged limitations were controlled by medication.  Thus viewed holistically, the Court is persuaded that the ALJ considered *all* the medical evidence and correctly concluded that Plaintiff does not suffer from a mental impairment, such that it would have more than a slight effect on his ability to perform basic work activities.  In that same vein, any reliance placed merely on the absence of objective findings would also be harmless error, at most.  (*See* AR at 564-72.)

Second, Plaintiff argues that his "reluctance or avoidance of attending psychotherapy is part and parcel of his disorder in combination with his social being." (Objs. at 8.)  However, as noted in the R&R, the ALJ also provided three *other* clear and convincing reasons in discounting Plaintiff's credibility, specifically: (1) a lack of objective evidence; (2) inconsistent statements regarding his daily activities; and (3) a conservative treatment plan.  (*See* R&R at 7-8.)  In other words,

1  the ALJ's findings relating to Plaintiff's subjective complaints and his ability to
2  perform vocational functions are supported by substantial evidence.  They
3  demonstrate that, to the extent the ALJ discounted Plaintiff's credibility, the ALJ did
4  not do so arbitrarily.  *Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001).
5  To that end once again, the Court finds that, assuming any error existed in relying on
6  this particular reason – *i.e.*, avoiding his own psychotherapy – to discount Plaintiff's
7  credibility, the error was harmless.  *See Batson v. Comm'r*, 359 F.3d 1190, 1195-97
8  (9th Cir. 2004); *Carmickle v. Comm'r*, 533 F.3d 1155, 1162 (9th Cir. 2008).

**III.**

**CONCLUSION**

11      Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has
12  reviewed the Joint Stipulation, all of the records herein, the Report and
13  Recommendation of the United States Magistrate Judge, and the Objections to the
14  Report and Recommendation.  The Court has made a *de novo* determination of the
15  portions of the Report and Recommendation to which the Objections were directed.
16  The Court concurs with and adopts the Magistrate Judge's Report and
17  Recommendation.  Accordingly, IT IS ORDERED THAT:

18      1.      Judgment shall be entered **AFFIRMING** the decision of the
19  Commissioner denying benefits.

20      2.      The Clerk shall serve copies of this Order and the Judgment herein on
21  the parties.

23  DATED: November 9, 2011.

_____
HON. GEORGE H. WU
UNITED STATES DISTRICT JUDGE

3